UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                 Criminal Case No. 08-20148
                                                  Honorable Patrick J. Duggan

MARY FAWAZ- D-2,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT MARY FAWAZ'S MOTION TO EXCLUDE FROM THE INDICTMENT ANY ALLEGATION OR EVIDENCE OF THE SALE OF A GAS STATION BY MTK & KLC PARTNERSHIP BASED ON DUPLICITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 1, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

The Government filed an indictment on March 13, 2008, charging Defendants Mary Fawaz ("Fawaz") and Elsayed Kazem Safiedine ("Safiedine") (collectively "Defendants") with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. On December 2, 2009, Fawaz filed a "Motion to Exclude from the Indictment Any Allegation or Evidence of the Sale of a Gas Station by MTK & KLC Partnership Based on Duplicity." Fawaz contends that two distinct conspiracies are charged in the single count indictment, rendering it duplicitous. The Government filed a response to the motion on January 8, 2010. For the reasons that follow, the Court does

not find the indictment duplicitous and therefore denies the motion.

In the indictment, the Government alleges that Defendants conspired "to defraud the United States of America for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service [IRS] . . . in the ascertainment, computation, assessment and collection of revenue due and owing to said agency . . ." The indictment further alleges that the conspiracy began on or about January 1, 1998, and continued to April 8, 2002. According to the indictment, Defendants engaged in the following acts in furtherance of the conspiracy: (1) arranging for third parties to negotiate checks payable to JSC Corporation ("JSC") from Sunoco Incorporated ("Sunoco") from 1998 through 2001; (2) failing to report the checks as income on tax returns filed by JSC with the IRS from 1998 through 2001; and (3) understating by $175,000 the sale price of a gas station sold by MTK & KLC (a Michigan partnership) ("MTK/KLC partnership") on the tax return filed by the partnership in 2000.

According to the indictment, Safiedine was an officer of JSC and a member of the MTK/KLC partnership. The primary business activities of these entities were the operation and leasing of gasoline stations. The indictment alleges that Fawaz served as the bookkeeper for these entities.

In her motion, Fawaz contends that there are two separate conspiracies alleged in the indictment: (1) a conspiracy relating to the Sunoco checks and (2) a conspiracy relating to the gas station sale. Fawaz argues that both alleged conspiracies involve separate agreements, "with separate actors, and with separate goals or objectives . . ."

She therefore contends that they are improperly joined in a single count.

"An indictment is duplicitous if 'it joins in a single count two or more distinct and separate offenses.'" *United States v. Shumpert Hood*, 210 F.3d 660, 662 (6th Cir. 2000) (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)).  The danger of a duplicitous count in an indictment is that "a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *Id*.  However, "[i]t is not duplicitous to allege in one count that multiple means have been used to commit a single offense."  *United States v. Damrah*, 412 F.3d 622-23 (6th Cir. 2005) (citing Fed. R. Crim. P. 7(c)(1)).

Moreover, the Supreme Court made it clear in *Braverman v. United States* that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." 317 U.S. 49, 54, 63 S. Ct. 99, 102 (1942).  "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes."  *Id*. at 53, 99 S. Ct. at 102.  As the Sixth Circuit has stated: "An indictment does not charge multiple conspiracies if there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (internal citation and quotation marks omitted).

In this case, the indictment alleges a single conspiracy between Defendants to conceal income and therefore defraud the United States by impeding and impairing the

3

IRS in its assessment and collection of taxes in violation of 18 U.S.C. § 371. As Fawaz acknowledges in her motion (Doc. 24 at 7), the fact that the indictment alleges that Defendants carried out this scheme via different transactions and different entities and over several years does not render the charge duplicitous.[1] *United States v. Heinemann*, 801 F.2d 86, 92 (2d Cir. 1986) (quoting *United States v. Cambindo Valencia*, 609 F.2d 603, 625 (2d Cir. 1979) ("A single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis on its locale of operations.")) All the Government needs to prove is a single agreement between Defendants to defraud the United States, an overt act by one of the conspirators in furtherance of this agreement, and an intent on the part of the conspirators to agree as well as to defraud the United States. *See United States v. Root*, 585 F.3d 145, 157 (3d Cir. 2009). The indictment alleges a single agreement by Defendants to defraud the United States of tax revenue. Contrary to Fawaz' assertion, the indictment identifies a sufficient commonality between the parties and the actions contained therein– i.e., Defendants and their agreement to defraud the Government.

For these reasons, the Court concludes that the indictment is not duplicitous and that there is no basis for excluding allegations or evidence relating to one of the acts

---

[1] Fawaz indicates that the statute of limitations has expired for the Government to bring tax related charges related to the MTK/KLC's failure to report the income it received from the sale of the gas station on its 2000 tax return. The statute of limitations in a conspiracy, however, begins to run from the last overt act in furtherance of the conspiracy. *Grunewald v. United States*, 353 U.S. 391, 396-97, 77 S. Ct. 963, 969-70 (1957).

alleged to have been in furtherance of the charged conspiracy.

Accordingly,

**IT IS ORDERED**, that Defendant Mary Fawaz's Motion to Exclude from the Indictment Any Allegation or Evidence of the Sale of a Gas Station by MTK & PLC Partnership Based on Duplicity is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Ben M. Gonek, Esq.
David Griem, Esq.
Richard L. Delonis, Esq.